```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
          Plaintiff,          )
                              )Civil Action No. 04-10767-RWZ
     v.                       )
                              )
67 RUSH STREET, SOMERVILLE,   )
MASSACHUSETTS,                )
          Defendant.          )
```

**UNITED STATES' MOTION TO DISMISS**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, moves to dismiss the instant forfeiture action without prejudice, on the grounds that title to the *in rem* property has been transferred to a subsequent owner.

**Statement of the Case**

On April 15, 2004, the United States filed a Verified Complaint for Forfeiture *in rem* (the "Complaint") against the real property located at 67 Rush Street, Somerville, Massachusetts (the "Defendant Property"). The owner of the Defendant Property was the "Giovanni Realty Trust," whose trustee was listed as John Cardillo. In its complaint, the United States alleged that the Defendant Property was subject to forfeiture because it constituted proceeds of narcotics violations, and because it had been used, or intended to be used to facilitate narcotics violations, pursuant to Title 21, United States Code, Section 881(a)(6) and (a)(7). Based on the information contained

in the affidavit accompanying the Complaint, this Court, on April 26, 2004, found probable cause for forfeiture and issued a Warrant and Monition authorizing the United States to give notice of the action to all interested parties. This Court also endorsed a *lis pendens* to be recorded at the Middlesex County Registry of Deeds. The *lis pendens* was recorded on May 20, 2004, at Book 42843, Page 186 of the Middlesex County Registry of Deeds.

After the Complaint was filed, but prior to the recording of the *lis pendens*, the Defendant Property was sold to Manjit Verma, purportedly for $460,000. The deed reflecting this sale was recorded at the Registry on May 11, 2004, at Book 42759, Page 596. On or about June 15, 2004, the United States received an affidavit from Manjit Verma stating that Verma had purchased the Defendant Property on May 10, 2004, from John Cardillo, Trustee of the Giovanni Realty Trust. A copy of that Affidavit is attached. On or about June 22, 2004, John Cardillo filed an Answer to the Complaint, claiming that the Trust was the owner of the Defendant Property from August 18, 2000, to May 10, 2004.

A civil forfeiture action is *in rem*, that is, against the property itself. Although the property is the defendant, an owner may intervene to protect his interest by asserting certain defenses. *United States v. One Sixth Share*, 326 F.3d 36 (1st Cir. 2003). A common defense to forfeiture is innocent

ownership, the claim that the owner had no knowledge of, and did not consent to, the illegal activity occurring at the property. Here, the United States alleges that the Defendant Property constituted proceeds of drug activity, and that it was used to facilitate drug violations.  The investigation leading to this civil action focused on the drug distribution activity of Anthony Cardillo, the actual owner of the Defendant Property.  As a result of the May 10, 2004, sale, however, the current owner is Manjit Verma, who was not a subject of this investigation.  The only information regarding this sale has been provided by Verma himself.  If Verma purchased the property for its actual value, and if Verma had no reason to know the property was subject to forfeiture, then forfeiture of the property is not appropriate. *See* 18 U.S.C. § 983(d)(2).  The United States does not concede that Verma is an innocent owner; rather, it asserts that it does not have sufficient information regarding the sale to proceed with this action.  Thus, the United States seeks to dismiss the instant complaint without prejudice to any subsequent forfeiture action against the real property or the proceeds of the sale.

WHEREFORE, the United States respectfully requests that this Court dismiss this civil forfeiture without prejudice, with each party bearing its own costs and fees.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                      By:  /s/Shelbey D. Wright
                               Shelbey D. Wright
                               Assistant U.S. Attorney
                               U. S. Attorney's Office
                               John Joseph Moakley
                               United States Courthouse
                               1 Courthouse Way, Suite 9200
                               Boston, MA  02210
                               (617) 748-3283

Date: August 20, 2004

## CERTIFICATE OF SERVICE

I, Shelbey D. Wright, Assistant U.S. Attorney, certify that a true copy of the foregoing Motion to Dismiss was served upon Matthew D. Thompson, Esquire, and Thomas J. Butters, Esquire, Butters Brazilian LLP, One Exeter Plaza, Boston, Massachusetts 02116, as counsel for John Cardillo, Trustee of Giovanni Realty Trust, and upon William Goldberg, Esquire, 620 Massachusetts Avenue, Cambridge, Massachusetts 02139, as counsel for Manjit Verma, by first class mail, postage prepaid.

                                    /s/Shelbey D. Wright
                                    Shelbey D. Wright
                                    Assistant U.S. Attorney

Date: August 20, 2004